```
          IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

JOHN WILLIAM SHADE III,

      Plaintiff,

v.                                       CIVIL ACTION NO. 1:23-00192

BUREAU OF PRISONS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on February 6, 2024. See ECF No. 16. He recommends that this court (1) deny plaintiff John William Shade III's application to proceed without prepayment of fees and costs (ECF No. 1), and (2) dismiss this action. See ECF No. 16 at 31.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R. Shade filed timely objections. See ECF No. 18.

## I.   Background

Shade is a former inmate of FCI McDowell, in McDowell County, West Virginia.  He brings this action against the United States of America and various federal officials in their official capacities.  See ECF No. 11 at ¶¶ 1, 10-24.

Shade alleges that he commenced a sentence of twenty-four months on January 4, 2021.  See id. at ¶ 29.  He alleges that he was released on May 5, 2022, but that he was "overdetained" for 109 days because prison officials did not adjust his release date to reflect the "'Earned Time Credits' that he had earned pursuant to the First Step Act of 2018 ('FSA')."  See id. at ¶¶ 5, 8, 60.  He contends that he was denied earned time credits because prison officials incorrectly calculated his "PATTERN" score, which measures inmates' risk of recidivism and dictates their eligibility for earned time credits.  See id. at ¶¶ 30-31.  He says that he should have been released on or before January 16, 2022, because his release paperwork says that his three-year term of supervised release ends on January 16, 2025, which is three years from January 16, 2022.  See id. at ¶¶ 6, 8, 60.

Based on these allegations, he brings claims against the government officials under Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, et seq.

2

For his Bivens claims, he alleges that the government officials violated the Fourth, Eighth, and Fourteenth (Fifth)[1] Amendments to the United States Constitution by miscalculating his release date and keeping him beyond his lawful sentence. He also alleges that the officials committed the state-law torts of negligence, false imprisonment, and intentional infliction of emotional distress. See id. at ¶¶ 65-117.

For his FTCA claims, he asserts the same claims against the United States under a respondeat superior theory, in addition to claims of indemnification and "unpaid wages under the Fair Labor Standards Act[.]" See id. at ¶¶ 118-153.

Magistrate Judge Aboulhosn recommends dismissing the Bivens claims because Shade brings them against federal officials in their official capacities. See ECF No. 16 at 5-6. Magistrate Judge Aboulhosn also explains that the Bivens claims fail because Shade alleges no facts to support a Fourth Amendment violation, there is no due process right to earned time credits, and it would be an improper extension of Bivens to allow claims

---

[1] The Fourteenth Amendment does not apply to federal officials. The court will treat these as claims brought under the Fifth Amendment. "The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States . . . ." Castillo v. McFaddan, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

related to the alleged miscalculation of earned time credits. See id. at 7-25.

Magistrate Judge Aboulhosn recommends dismissing the FTCA claims because individuals may not sue under the FTCA for constitutional violations, and because the state-law claims are barred by sovereign immunity under the FTCA's discretionary function exception.  See id. at 28-30.

Shade raises five objections to Magistrate Judge Aboulhosn's recommendations.  First, Shade contends that Magistrate Judge Aboulhosn incorrectly relied on the "frivolous" standard under 28 U.S.C. § 1915(e)(2), and Shade suggests that he will "raise the funds and agree to pay the filing fee" if he needs to.  See ECF No. 18 at 1.  Second, he argues that under the Due Process Clause of the Fifth Amendment, he had a liberty interest in the earned time credits, insisting that the FSA imposes non-discretionary duties on prison officials to apply the credits.  See id. at 2-3.  Third, he argues that the court should allow his Bivens claims to proceed because his claims "arise[] in a 'new context' or involves a 'new category of defendants[]'" because "[d]ue to the newness of the FSA credit process, there exists a new context – as well as a new category of defendants."  Id. at 3-4.  Fourth, he argues that the discretionary function exception does not apply to the application of earned time credits.  See id. at 4-6.  Finally,

4

he argues that the discretionary function exception does not apply because "at paragraph 54 of his complaint – [he] points out that the PATTERN score errors had been corrected by the BOP, making him immediately eligible for release as of April [11], 2022[,]" and the United States had a non-discretionary duty to release him at that point, even if it had discretion when calculating his PATTERN score.  See id. at 7.

## II.  Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

5

## III. Discussion

In his first objection, Shade argues that Magistrate Judge Aboulhosn erred by citing the frivolous standard under 28 U.S.C. § 1915(e)(2)(B) because, according to Shade, his complaint "falls squarely outside the realm of frivolity." ECF No. 18 at 2. He argues that his complaint is not frivolous because he was released after filing a habeas petition. See id.

The court finds no error in the PF&R's citation to the legal standard. The applicable statute, § 1915(e)(2), requires the dismissal of actions proceeding in forma pauperis under many circumstances:

> [T]he court shall dismiss the case at any time if the court determines that—
>
> . . . .
>
> (B) the action or appeal—
>
> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim upon which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune.

28 U.S.C. § 1915(e). Although Shade focuses on the PF&R's explanation of the frivolous standard, the PF&R recites each of these reasons for dismissal. The PF&R then proceeds to dismiss Shade's claims for each of these reasons. His complaint contains frivolous claims like, among other things, alleged

6

violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., which regulates conditions of employment in "industries engaged in commerce or in the production of goods for commerce[.]" Id. at § 202.  He also does not state claims upon which relief may granted, and all claims are brought against immune defendants.  This objection is **OVERRULED**.

His next two objections are to the dismissal of his Bivens claims.  First, he argues that Magistrate Judge Aboulhosn erred by finding insufficient allegations to support due process violations, insisting that he had a liberty interest in the earned time credits.  See ECF No. 18 at 2-3.  Second, Shade argues that Magistrate Judge Aboulhosn erred by not expanding Bivens to this new context.  See id. at 3-4.

Notably, Shade does not object to the PF&R's independent basis for dismissing his Bivens claims:  that he brought them against the defendants in their official capacities.  This is a sufficient basis on its own to dismiss the claims.  "Bivens claims may not be asserted against federal agencies or officers in their official capacities." Ortega v. United States Customs and Border Protection, 657 F. Supp. 3d 186, 195 (D. Mass. Feb. 23, 2023) (citing Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003)).  Even so, the court will address his objections to the alternative grounds for dismissing the Bivens claims.

7

Regarding the due process claims, the PF&R correctly finds that Shade had no liberty interest in the earned time credits. "The FSA gives the Attorney General discretion in assessing each prisoner's recidivism risk level and in determining when a prisoner is minimum or low recidivism risk. Thus, no constitutionally protected liberty interest is implicated when the BOP calculates a prisoner's PATTERN score and resulting recidivism risk level." Newell v. Fikes, No.: 2:22-cv-53, 2023 WL 2543092, at *3 (S.D. Ga. Feb. 21, 2023). Therefore, "[g]iven the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement." Grant v. King, No. 23-CV-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023).

Regarding Shade's argument that the court should expand Bivens to this new context, he concedes that this is a new context. See ECF No. 18 at 3-4. He also does not contest that expanding Bivens to this context would result in increased costs to the government. See id. at 4. Rather, he "posit[s] the question: And?" Id. Therefore, it is uncontested that this is a new Bivens context and special factors counsel against an extension of Bivens. This is dispositive of this objection:

> [I]f a claim arises in a new context, a Bivens remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed."

Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar v. Abbasi, 582 U.S. 120, 136 (2017)). Special factors exist when expanding Bivens claims "would come at substantial costs to the public and individual governmental staff." White v. Hill, No. 22-cv-00133-SPM, 2023 WL 4491469, *4 (S.D. Ill. July 12, 2023) (citing Egbert, 596 U.S. at 498).

For these reasons, Shade's objections to the dismissal of his Bivens claims are **OVERRULED**.

Shade's final objections are to the application of the discretionary function exception to the government's waiver of sovereign immunity under the FTCA. Shade argues that prison officials "do not have discretion in implementing and applying legislation passed by Congress." ECF No. 18 at 5. The court rejects this argument.

"If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." Spotts v. United States, 613 F.3d 559, 567 (5th Cir. 2010) (citing United States v. Gaubert, 499 U.S. 315, 329 (1991)). As discussed above, the FSA leaves the

9

calculation of PATTERN scores and the application of earned time credits to the discretion of prison officials.

Shade also contends that even if calculating PATTERN scores is a discretionary function, he was kept twenty-six days past when his PATTERN score was allegedly "corrected" on April 11, 2022.  See id. at 7.  However, the FSA does not require immediate release when prison officials reassess and adjust an inmate's PATTERN score.  The Act requires only that "the Bureau of Prisons shall update the determination of the prisoner's risk of recidivating or information regarding the prisoner's specific needs and reassign the prisoner to appropriate evidence-based recidivism reduction programming or productive activities based on such changes."  18 U.S.C. § 3632(d)(5).  Once prison officials adjust an inmate's PATTERN score, they must then calculate and apply the inmate's earned time credits, determine whether the inmate is eligible for release, and facilitate the inmates release, if they are deemed eligible.  The statute says nothing about "immediate release" following an adjusted PATTERN score.  Because Shade identifies no policy or regulation prescribing a particular course of conduct for prison officials to follow when releasing an inmate after adjusting his or her PATTERN score, the discretionary function exception applies.

For these reasons, Shade's objections to the dismissal of his FTCA claims are **OVERRULED**.

10

### IV. Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and Shade's objections. For the reasons discussed above, his objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Shade's application to proceed without prepayment of fees and costs (ECF No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 29th day of October, 2024.

ENTER:

David A. Faber
Senior United States District Judge